UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LEONNA HUTCHINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CODY WILLIAMS,<br><br>    Defendant. | Case No. 24-cv-06221-LB<br><br>**ORDER REASSIGNING CASES; REPORT AND RECOMMENDATION TO DISMISS**<br><br>Re: ECF No. 1 |
| LEONNA HUTCHINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CODY WILLIAMS,<br><br>    Defendant. | Case No. 24-cv-06268-LB<br><br>Re: ECF No. 1 |

## INTRODUCTION

The plaintiff Leonna Hutchinson, who represents herself and is proceeding in forma pauperis, sued the defendant Cody Williams in two identical complaints, charging him with, among other things, spiritually raping her when she was eight and putting her under a spell and posting sex films online. Before directing the United States Marshal to serve the defendants with the complaints, the court must screen them for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The allegations do not state a claim and are fanciful. Thus, the cases must be dismissed. Because not all parties have appeared and consented to magistrate-judge jurisdiction, the cases must be

ORDER; R. & R. – Nos. 24-cv-06221-LB, 24-cv-06268 LB

reassigned. *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017). The undersigned therefore directs the Clerk of Court to reassign the cases to a district judge and recommends that the district judge dismiss the cases with prejudice.

**STATEMENT**

The complaints are identical.[1] This order cites to the low-numbered case. The plaintiff resides in San Francisco, California. The defendant is "Sgt. Cody Williams," address 935 Pennsylvania Avenue NW, Washington, DC 20535, phone number (202) 324-3000.[2] The address is FBI headquarters, and the telephone number is listed on the FBI's website.[3] On the checkbox form complaint, the plaintiff checked the box for "I am suing the U.S. government, federal agency, or federal official in his or her official capacity. . . ."[4]

The plaintiff alleges that the defendant raped her spiritually when she was eight, injuring her and causing pain. He screamed at her and said he would never leave her womb alone.[5] She aged and lost her memories, regaining them when she heard his voice "through the phone spying on [her] therapy calls." He "sounded as if Arnold Schwarzenegger's stomach could talk." She called him muscle man over the phone.[6] He altered the recordings of her therapy calls.[7] He became violent, put her under a spell (referencing voodoo, Santeria, Celtic magic, and other dark spells),

---

[1] Compl., No. 24-cv-06221-LB – ECF No. 1; Compl., No. 24-cv-06268-LB – ECF No. 1. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl., No. 24-cv-06221-LB – ECF No. 1 at 2.

[3] FBI, Contact Us – FBI Headquarters (September 9, 2024, 5:47 PM), https://www.fbi.gov/contact-us/fbi-headquarters. The court can take judicial notice of public records and undisputed facts in them. *Lee v. Cnty. of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). That can include documents on a government website. *White v. Social Sec. Admin.*, No. 14-cv-05604-JST, 2015 WL 3902789, at *2 (N.D. Cal. June 24, 2015) (five Social Security Administration policy documents); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 2604774, at *3 n.1 (N.D. Cal. June 10, 2014) (FDA letters and press releases). Key to these decisions is public availability and the undisputed reliability of the information in the documents.

[4] Compl., No. 24-cv-06221-LB – ECF No. 1 at 3.

[5] *Id.* at 3–4 (¶¶ 6–8).

[6] *Id.* at 4 (¶ 9–10).

[7] *Id.* (¶ 11).

placing her into a stupor and using her for sex work that he filmed and recorded.[8] He posted the films online, making money on the dark web and hurting her reputation.[9] He impregnated her, and he raped his son.[10] He made a demonic altar with her picture (cutting out the eyes) and personal items, all as part of a demonic coven.[11] "Fraudulent paperwork was filed and [she] was married to Cody Williams on paper. I believe he married a clone made in my image."[12] Cameras in her shower are hooked up to the internet and show her showering.[13] She demands restitution of $6 billion.[14]

**STANDARD OF REVIEW**

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[8] *Id.* at 5 (¶¶ 6–9). The paragraph numbers are not all sequential.
[9] *Id.* at 6 (¶¶ 10–11).
[10] *Id.* (¶ 12).
[11] *Id.* (¶ 13–14).
[12] *Id.* at 7 (¶ 15).
[13] *Id.* (¶ 17).
[14] *Id.* at 8 (¶ 6).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of her claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. She need not plead specific legal theories so long as sufficient factual averments show that she may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

**ANALYSIS**

The allegations in both complaints "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. They mirror those in another case that she brought against the San Francisco Police and Fire Departments. The magistrate judge there similarly issued a report and recommendation for dismissal on the ground that the complaint is frivolous.[15] The court recommends dismissal of both cases.

---

[15] R. & R., *Hutchinson v. San Francisco Police Dep't*, No. 24-cv-06267-HSG (TSG) – ECF No. 4.

**CONCLUSION**

The court directs the Clerk of Court to reassign the cases to a district judge and recommends that the newly assigned district judge dismiss the cases with prejudice. Any party must serve and file specific written objections to this recommendation within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civ. L.R. 72-3. A failure to file a written objection within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 19, 2024

_____
LAUREL BEELER
United States Magistrate Judge